UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PORTFOLIO FINANCIAL SERVICING COMPANY, | : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 3:06-cv-1744 (VLB) |
| EASTERN GRAPHICS & DESIGN, INC., ET AL | : : : | |
| Defendants. | : | August 2, 2007 |

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART [Doc. #21]

The plaintiff, Portfolio Financial Servicing Company ("PFSC"), servicing agent for American Capital Resources, Inc. ("ACR"), initiated this action against the defendants, Eastern Graphics & Design ("Eastern") and Nicholas DePalma ("DePalma"), to enforce ACR's rights under both a promissory note and security agreement with Eastern, and a guaranty of Eastern's payment and performance by DePalma. PFSC now moves the court for summary judgment seeking a finding that Eastern defaulted on the note and under the security agreement by failing to make payments in accordance with a set schedule and DePalma, as guarantor, defaulted by failing to ensure timely payments were made, and a judgment in the amount of $160,293.90 constituting the outstanding principal on the note, including interest, and costs and fees associated with enforcing ACR's rights under the agreements.

For the reasons hereinafter set forth the motion is GRANTED to the extent

1

the defendants defaulted under the note, security agreement and guaranty, but DENIED as to the timing of the default and amount of outstanding principal, interest, costs and fees to which the plaintiff is entitled.

On January 26, 2000, ACR lent $377,280.00 to Eastern in exchange for a promissory note signed by Eastern, secured by a security agreement also signed by Eastern. [Doc. #1, Ex. A, B] The note specifies that "if [Eastern] fails to pay any installment due under this Note when due . . . [ACR] may declare this Note and any other obligation of [Eastern] to ACR immediately due and payable." It also provides: "In the event that ACR institutes an action upon this Note or under the Security Agreement, [Eastern] shall pay, in addition to unpaid principal, interest and late charges, the expenses of collection incurred by ACR, including reasonable attorney's fees."

The same day, DePalma signed a guaranty of Eastern's payment and performance of obligations under the note. [Doc. #1, Ex. C] The guaranty states that DePalma "hereby guarantees . . . the payment and timely performance of all liabilities of [Eastern] to [ACR]" and "shall reimburse [ACR], to the extent such reimbursement is not made by [Eastern], for all expenses (including counsel fees) incurred by [ACR] in connection with any of the liabilities of [Eastern] or the collection thereof."

PFSC commenced this action on October 11, 2006. The complaint claims Eastern and DePalma defaulted under their respective agreements in March 2006, with $160,293.30 in outstanding principal owed to ACR. Additionally, the

complaint claims the defendants owe ACR interest accruing at 2% of the outstanding principal balance each month, beginning in April 2006. The defendants jointly filed their answer on January 12, 2007, asserting no affirmative defenses and few denials.

On February 7, 2007, PFSC filed a motion for summary judgment, claiming no issues of material fact existed regarding the defendants' defaults under the agreements in March 2006, the amount the defendants owe ACR under the agreements or ACR's contractual rights to collect costs and fees associated with enforcing its rights under the agreements. [Doc. #21] The defendants' response, dated February 28, 2007, alleged factual disputes limited to the timing of default, amount the defendants had actually paid under the note and amount of interest that had accrued.[1] [Doc. #25] Specifically, the defendants claim payments on the note were made on August 4, 2006, and September 7, 2006, in the amount of $10,000 and $2,000 respectively. The defendants do not raise any issues of fact nor controvert PFSC's pleadings regarding entrance into the agreements, the terms of the agreements or their effects, the defendants default on the note, or that the defendants are liable for the note's outstanding principal, accrued

---

[1] In their response, the defendants ask the court to deny the motion because PFSC failed to file a statement of material facts in accordance with D. Conn. L. R. Civ. P. 56(a)1. PFSC corrected its error by filing a Local Rule 56(a)1 statement on March 6, 2007. [Doc. #31] The defendants responded with an amended Local Rule 56(a)2 on March 9, 2007. [Doc. #35] The court finds no prejudice to the defendants in considering this motion because the plaintiff eventually filed a statement of facts in accordance with the rules of this District, and the defendants were provided the opportunity to, and in fact did, respond.

interest on that principal, and ACR's costs and fees associated with collecting monies due. The only disputed issues pertain to damages.

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that no genuine issues exist as to any material facts. See Celotex Corp. V. Catrett, 477 U.S. 317, 323-25 (1986). If the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of [its] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court "construe[s] the evidence in the light most favorable to the non-moving part and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004).

In a dispute regarding the terms of a contract, summary judgment may be granted where the agreement's language is unambiguous. Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan, 7 F.3d 1091, 1094 (2d Cir. 1993).

PFSC alleges the defendants defaulted on the note in March 2006. The defendants raise no issues of fact contesting that default actually occurred, only the timing of the default. The agreements between ACR and the defendants clearly outline the recourse available to ACR upon default by the defendants: payment of outstanding principal; interest on that principal; and costs and

reasonable attorney's fees incurred by ACR enforcing its rights under the agreements. Thus, summary judgment is appropriate to the extent that Eastern defaulted on the note, ACR is entitled to collect any outstanding principal on the note, interest on that principal, and costs and fees, and that DePalma as guarantor is liable for monies Eastern owes ACR under the agreements but fails to pay.

However, there are clearly disputed issues of fact regarding the timing of the default and amount of outstanding principal and interest owed to ACR. Accordingly, the dollar amounts stated in PSFC's motion can not be awarded at this time and require further factual discovery and adjudication.

Based on the foregoing, the plaintiff's motion for summary judgment is **GRANTED** as to the existence of default by the defendants and their liability under the agreements, and **DENIED** as to the timing of default and amount of outstanding principal, interest and costs and fees due ACR.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: August 2, 2007.